**IT IS ORDERED as set forth below:**

Date: March 20, 2008

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | Case No. 00-50976-pwb |
| JAMES VOSS : | |
| Debtor. : | CHAPTER 13 |
| : | |

**ORDER ON APPLICATION OF RESURGENT CAPITAL SERVICES, LP.
FOR DISBURSEMENT OF UNCLAIMED FUNDS OF CITIFINANCIAL**

Because Citifinancial did not claim distributions in the amount of $ 749.61 the Chapter 13 Trustee made on account of a proof of claim filed by First Family Financial Services in the amount of $6,685,[1] the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a). Resurgent Capital Services, LP ("Applicant") has filed an application for disbursement

---

[1] The proof of claim [Claim No. 4] was filed by First Family Financial Services, Inc., but states that notices should be sent to Citifinancial. The Chapter 13 Trustee made payments to Citifinancial. (Trustee's Final Report and Accounting [15]). Further, although the proof of claim was filed as a secured claim, it was paid as an unsecured claim. *Id.*

-1-

of the unclaimed funds to it, asserting that it is the assignee of the claim and, as such, is entitled to the unclaimed funds.

Section 347(a) provides for the disposition of unclaimed funds paid into the Court's registry under chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. *See* Leider v. United States, 301 F.3d 1290, 1296 (Fed. Cir. 2002). Under statutory requirements and due process principles, the Court has the duty to protect the original claimant's property interest by making sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements before authorizing the disbursement of unclaimed funds to an applicant.

The "rightful owner" of unclaimed funds paid into the Court under § 347(a) is the holder of the proof of claim on account of which the trustee made the distribution. In order to obtain unclaimed funds paid on a claim held by assignment, therefore, the assignee must become the holder of record of the claim.

As the Court explained in *In re Applications for Unclaimed Funds,* 341 B.R. 65, 72 (Bankr. N.D. Ga. 2005):

> Rule 3001(e) of the Federal Rules of Bankruptcy Procedure prescribes the procedures for an assignee of a proof of claim to establish its status as the lawful holder of the proof of claim and as the entity entitled to distributions with regard thereto. . . .
>
> In the absence of an assignee's compliance with Rule 3001(e), or some other

proceeding to establish change of ownership that would provide the original creditor with the substantive equivalent of the Rule's protections, the holder of record of the proof of claim is the original creditor who filed it. For an applicant as an assignee of the original creditor to receive unclaimed funds originally payable to the original creditor, the assignee must establish its position as the "rightful owner" of the funds as a matter of record in the bankruptcy court. Ordinarily, it must do so through a procedure that provides the original creditor with the protections of Rule 3001(e), including meaningful notice consistent with due process and an opportunity to be heard if it contends it still owns the claim.

The subject proof claim [Claim No. 4] was filed by First Family Financial Services, Inc., but states that notices should be sent to Citifinancial. The Chapter 13 Trustee made payments to Citifinancial. (Trustee's Final Report and Accounting [15]). Further, although the proof of claim was filed as a secured claim, it was paid as an unsecured claim. *Id.* In the context of this case, the Chapter 13 Trustee's characterization and payment of the claim as unsecured and the absence of any objection by the holder of the claim (who was represented by an attorney who filed the proof of claim), establishes that the claim was unsecured such that issues regarding whether the debt has been satisfied through foreclosure or repossession[2] are not present here.

Nevertheless, the Applicant does not appear to be the record holder of the claim. Accordingly, the Court cannot determine that the Applicant is entitled to the funds. In order to provide the Applicant with the opportunity to demonstrate that it is entitled to the unclaimed funds, the Court will schedule a hearing at the time and place set forth below. Applicant may

---

[2]*See In re* Scott, 346 B.R. 557 (Bankr. N.D. Ga. 2006).

-3-

not appear at the hearing without an attorney. Any additional documents that Applicant desires to submit at the hearing must be filed not less than ten days prior to the hearing. Applicant must demonstrate at the hearing that it has provided effective notice of its application for the funds, this Order, and of the hearing, on First Family Financial Services by mailing, or otherwise causing to be delivered, to a named, authorized representative of First Family Financial Services at a valid and effective address, copies of its application and of this Order not less than 30 days prior to the date of the hearing. Any additional papers that the Applicant files in this case shall be served in accordance with the Federal Rules of Bankruptcy Procedure.

In accordance with the foregoing, it is hereby **ORDERED and ADJUDGED** that a hearing on the application of Resurgent Capital Services, LP, for unclaimed funds payable on a proof of claim filed by First Family Financial Services shall be held at **11:00 o'clock a.m.** on the **13th day of May, 2008**, in Courtroom 1401, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.    **\*\*\* END OF ORDER \*\*\***

Distribution List:

Brian J. Dilks
Dilks & Knopik, LLC
PO Box 2728
Issaquah WA 98027


Richard Rogers
Bankruptcy-Legal Services Coordinator
Resurgent Capital Services, LP
15 South Main Street
Greenville, SC 29601